UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

David W. Jolin and          :
Debra Jolin,                :
    Plaintiffs,             :
                            :   Case No. 3:04cv2072 (JBA)
v.                          :
                            :
Antonio Casto and           :
Angel P. Cambizaca,         :
    Defendants.             :

**RULING ON PLAINTIFFS' MOTION TO REOPEN [DOC. # 14]**

Pursuant to Local Civil Rule 41(a), on March 8, 2006, the Court issued a notice to counsel indicating its intent to dismiss this case for failure to prosecute absent action or explanation within 20 days. See Notice [Doc. # 12]. The notice quoted Rule 41(a), including the provision that any "judgment entered by the Clerk under this rule may be suspended, altered or rescinded by the Court for cause shown." Id. Having received no notice of action or explanation for the apparent failure to prosecute, the Court dismissed this case on April 17, 2006. See Order [Doc. # 13]. Plaintiffs now move to reopen the case [Doc. # 14] on grounds that their counsel misunderstood the Court's notice, discovery was and is ongoing, and no prejudice will be suffered by defendants if the case is reopened. Defendants object [Doc. # 15]. For the reasons that follow, plaintiffs' motion will be granted and the case reopened.

**I.    Standard**

Local Civil Rule 41(a) provides:

> In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any.  If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Court shall enter an order of dismissal.  Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown.

Accordingly, "[w]here an action is dismissed for want of prosecution . . . Rule 60(b) allows it to be reopened under certain, enumerated circumstances." Cobos v. Adelphi Univ., 179 F.R.D. 381, 385 (E.D.N.Y. 1998) (citing Link v. Wabash, 370 U.S. 626, 632 (1962).  Plaintiffs' motion is not styled as one pursuant to Rule 60(b), but the Court construes it as such. Id. (construing plaintiffs' motion to reopen as a Rule 60(b) motion).[1]

Fed. R. Civ. P. 60(b)(1) permits the Court to "relieve a party or a party's legal representative from a final judgment,

---

[1] Rather than rely on Rule 60(b) and the standards for its application, the parties reference the five-part test for determining when dismissal for failure to prosecute is appropriate.  See, e.g. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).  However, the Rule 60(b) standard is the appropriate standard to apply to a motion to reopen a case following dismissal for failure to prosecute; the standard for granting a motion to dismiss for failure to prosecute is distinct from that to be applied to a motion to reopen when such dismissal has already occurred.

order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b) motions are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). In order to grant Rule 60(b) relief, "the Court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." Flaherty v. Hackeling, 221 F.R.D. 383, 386 (E.D.N.Y. 2004). "In reaching its determination, the Court must consider all relevant circumstances surrounding the party's omission. Such circumstances include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was in the reasonable control of the movant, and whether the movant acted in good faith." Id. "Strong public policy favors resolving disputes on the merits," see Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996), and as such, "all doubts should be resolved in favor of those seeking relief under . . . [Rule] 60(b)," Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983); accord Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993) ("[A]ll doubts must be resolved in favor of trial on the merits.").

**II.  Discussion**

    A.   <u>Grounds For Relief</u>

Plaintiffs explain that their counsel failed to respond to the Court's Rule 41(a) notice "due to a misunderstanding of the Court's Rule and Notice."  Motion to Reopen at 6.  Specifically, they claim that their counsel read the notice indicating that cases will be dismissed where no action has been taken for six months or in which deadlines established by the Court appear not to have been met, but was aware of no violation of any scheduling order and believed that because discovery was ongoing, it did not appear that "no action" had been taken, and thus assumed the case would not be dismissed.  Plaintiffs contend that they "had no intention of abandoning this action, and in fact, discovery has been ongoing."  <u>Id</u>. at 7.

This justification for the failure to respond falls into the Rule 60(b) category of "mistake."  While defendants argue that because plaintiffs admit their lack of response to the Court's notice, this case was properly dismissed, plaintiffs' counsel's misreading of the Rule 41(a) notice, however misguided, appears to have been an honest mistake.  Given that all doubts are to be resolved in favor of adjudication on the merits, and plaintiffs represent that discovery was and is ongoing – with letters and information exchanged in January and February 2006 – and because the Court identifies no bad faith on the part of plaintiffs, and

4

defendants' have articulated no actual prejudice that will be suffered, the Court finds grounds for reopening the case under Rule 60(b).

    B.   Meritorious Claim

Further, plaintiffs appear to have a sufficiently meritorious claim such that reopening the case would not be futile. At this stage, plaintiffs need not conclusively establish that they will prevail on their claim, so long as it is sufficiently grounded in law so as to give the fact finder some determination to make. Cf. Am. Alliance Ins. Co., 92 F.3d at 61 (default judgment context).

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." Murdock v. Croughwell, 268 Conn. 559, 566 (2004). As to the first element, "[t]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." Id. Here, the complaint appears to state a negligence cause of action on the basis that there exists

a duty to drive carefully and not enter another driver's lane while on the highway, and based on the accident report defendant Castro's collision with plaintiff David Jolin's car caused the accident and resulting injuries.  Proof of such negligence would include plaintiff David Jolin's testimony that he observed defendant Castro ducking down in the cab of the car and crowding into Jolin's lane, ultimately striking his car; additionally, the incident report states that Castro was not a licensed driver, implicating the negligence of both defendant Castro and defendant Cambizaca, the alleged owner of the car.  Accordingly, there are sufficient indicia of merit in plaintiffs' claims to justify reopening the case.

### C. Other Considerations

Additionally, there is no indication in the record that plaintiffs' counsel's mistake regarding the Rule 41 notice was knowing, willful, or done with the intent to delay.  On the basis of plaintiffs' representations, discovery is ongoing, and defendants have articulated no specific prejudice they will suffer if this case is reopened.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Reopen [Doc. # 14] is GRANTED.  The parties are directed to confer pursuant to Local Civil Rule 26(e) and file a Rule 26(f) report

by September 27, 2006.

                                        IT IS SO ORDERED.

                                                /s/
                                        Janet Bond Arterton
                                        United States District Judge

**Dated at New Haven, Connecticut this 13th day of September, 2006.**